IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT C. SCHILLING, JR.,      )
                               )
                Plaintiff,     )
                               )
        v.                     )
                               )  Civil Action No. 08-53J
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
                Defendant.     )


## MEMORANDUM JUDGMENT ORDER

AND NOW, this 2nd day of March, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 19) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 21) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently.   Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).   Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity.   Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).   These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his SSI application on December 17, 2003, alleging disability beginning September 1, 2003.   Plaintiff's application was denied.   At plaintiff's request, an ALJ held a hearing, and subsequently issued a decision dated November 22, 2005, finding that plaintiff is not disabled.   On June 14, 2006, the Appeals Council granted plaintiff's request for review, vacated the hearing decision and remanded the case to the ALJ for further proceedings.

Pursuant to the Appeals Council's remand order, the ALJ held a second hearing on March 20, 2007, at which plaintiff appeared pro se.   The ALJ advised plaintiff that he had a right to be represented by counsel and that the hearing could be continued if he wished to obtain counsel.   (R. 582-83).   Plaintiff indicated that he understood his right to representation, but wished to proceed pro se.   (R. 583).   Subsequently, on May 10, 2007, the ALJ again issued a decision finding that plaintiff is not disabled. That decision became the final decision of the Commissioner.   The

instant action followed.

Plaintiff was 47 years old at the time of the ALJ's most recent decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education. Plaintiff does not have any past relevant work experience, and he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of obesity, cervical disc disease, degenerative joint disease of the knees, chronic obstructive pulmonary disease, obstructive sleep apnea, atherosclerotic heart disease and a personality disorder. The ALJ determined, however, that plaintiff's impairments, either alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of other limitations. Plaintiff is limited to occasional balancing, stooping, kneeling, crouching, crawling and climbing. In addition, he is precluded from concentrated or prolonged exposure to fumes, odors, dusts, gases, environments with poor ventilation, hot and cold temperature extremes, extreme dampness and humidity

AO 72
(Rev. 8/82)

and direct sunlight.  Further, plaintiff is limited to work that involves simple, repetitive, routine tasks that are not performed in a fast-paced production environment, as well as work that involves only simple work-related decisions and relatively few work place changes.  Finally, plaintiff is limited to no more than occasional interaction with supervisors, co-workers or the public (collectively, the "RFC Finding").

Based upon testimony by a vocational expert at the hearing, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable him to make an adjustment to work that exists in significant numbers in the national economy, such as a laundry folder, labeler/marker, mail room clerk or sorter/grader. Accordingly, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months.  42 U.S.C. §1382c(a)(3)(A).  The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...."  42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998.  The process is sequential and follows

a "set order" of inquiries.  20 C.F.R. §416.920(a)(4).  The ALJ must determine:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.  Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).  If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary.  20 C.F.R. §416.920(a)(4).

This case proceeded to step 5 of the sequential evaluation process.  As stated above, at that step, the ALJ found there are jobs that exist in significant numbers in the national economy which plaintiff can perform consistent with his vocational factors and residual functional capacity, thus plaintiff is not disabled. See 20 C.F.R. §416.920(g)(1).  After reviewing the record, the court finds that the ALJ's decision is supported by substantial evidence.

First, the ALJ's decision includes detailed analysis and discussion of the medical evidence of record from plaintiff's treatment providers, as well as those physicians who performed physical and mental consultative examinations.  (R. 26-29, 30-31). After discussing the medical evidence, the ALJ stated that she gave minimal weight to the opinions of Dr. Richard Green and Dr.

AO 72
(Rev. 8/82)

William Acosta, who were two of plaintiff's treating physicians, and explained why she did so. (R. 30-31). The ALJ properly determined that Dr. Green's opinion that plaintiff is permanently disabled, (R. 426), and Dr. Acosta's opinion that plaintiff has severe memory deficits that would render him unable to work, (R. 272), were not entitled to controlling weight because they were inconsistent with the other evidence of record. See 20 C.F.R. §416.927(d)(2).

First, Dr. Green's opinion that plaintiff is permanently disabled was set forth on an employability assessment form for the Pennsylvania Department of Public Welfare. (R. 426). Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant herein. A determination made by another agency regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §416.904. Furthermore, Dr. Green's opinion of disability on the state welfare form is contradicted by another assessment that he completed, entitled "Medical Source Statement of Plaintiff's Ability to Perform Work-Related Physical Activities." Dr. Green did not indicate on the Medical Source Statement form that plaintiff is disabled, but rather determined that he is capable of performing a wide range of sedentary or light work. (R. 342-43).

In addition, Dr. Acosta's opinion that plaintiff has severe memory deficits is contradicted by reports from Dr. Steven Pacella and Dr. Charles Kennedy. Dr. Pacella stated that plaintiff is "able to understand, retain and follow instructions, and he

suffers from no genuine defect of attention or concentration that
would preclude employability." (R. 278). Dr. Kennedy noted that
although plaintiff complained of memory problems, he did fairly
well in the mental status area of his evaluation. (R. 464).
Plaintiff otherwise indicated to Dr. Kennedy that he did not feel
he had any psychiatric problems that would preclude employment.
(R. 463-64). Even though the ALJ gave minimal weight to Dr.
Acosta's opinion regarding plaintiff's alleged memory impairment
because it was contradicted by other medical evidence, the ALJ
still accounted for any memory deficits that plaintiff experiences
by limiting him to simple, repetitive, routine tasks that are not
performed in a fast-paced production environment, as well as work
that involves only simple work-related decisions and relatively
few work place changes. In sum, the ALJ properly considered and
weighed the opinions of both Dr. Acosta and Dr. Green in this
case.

Next, the ALJ properly evaluated plaintiff's credibility
concerning his claimed limitations that result from his severe
impairments. A claimant's complaints and other subjective
symptoms must be supported by objective medical evidence. 20
C.F.R. §416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir.
1999). An ALJ may reject the claimant's subjective testimony if
she does not find it credible so long as she explains why she is
rejecting the testimony. Schaudeck v. Commissioner of Social
Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ
thoroughly analyzed plaintiff's subjective complaints, and

explained why she found his testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and reports by the medical sources who treated and examined him concerning his symptoms and how they affect him. See 20 C.F.R. §416.929(c)(1); Social Security Ruling 96-7p.

The ALJ also considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §416.929(c)(4). The ALJ then determined that plaintiff's subjective allegations regarding his limitations were not entirely credible. (R. 29). This court finds that the ALJ adequately explained the basis for her credibility determination (R. 29-30), and is satisfied that such determination is supported by substantial evidence.

The court further finds that the ALJ posed a hypothetical question to the vocational expert that accounted for all of the plaintiff's impairments and limitations supported by the medical evidence. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, the ALJ's hypothetical included all of plaintiff's physical and mental limitations that were supported by the evidence of record and that were incorporated into the RFC Finding. Accordingly, the ALJ properly relied on the vocational

expert's testimony to conclude that plaintiff can perform other work that exists in the national economy.   (R. 32-33).

Finally, to the extent plaintiff asserts that the ALJ was biased against him, <u>see</u> plaintiff's Brief (Document No. 22) at 2, that argument is unfounded.

Due process requires that social security claimants be afforded a full and fair hearing.   <u>Ventura v. Shalala</u>, 55 F.3d 900, 902 (3d Cir. 1995).   Essential to a fair social security hearing is the right to an unbiased judge who fulfills her duty to develop a full and fair record.   <u>Id</u>.   An ALJ is presumed to be unbiased unless there is a specific showing for cause to disqualify.   <u>Schweiker v. McClure</u>, 456 U.S. 188, 195 (1982).   The burden to establish a disqualifying interest rests with the party asserting bias.   <u>Id</u>. at 196.   A party asserting bias must show that the behavior of the ALJ was "so extreme as to display clear inability to render fair judgment." <u>Liteky v. United States</u>, 510 U.S. 540, 551 (1994).

Plaintiff has not identified any behavior by the ALJ in this case that prevented him from receiving a full and fair hearing or that indicated the ALJ was unable to render a fair judgment. There is no indication that the ALJ failed to fully develop the record, that she questioned plaintiff in a coercive manner, that she interfered with the introduction of evidence concerning plaintiff's claim, or that she made any comments that show she was biased against plaintiff.   Accordingly, plaintiff has failed to establish that the ALJ was biased against him in conducting the

administrative hearing or deciding his case.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act.   The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:   Robert C. Schilling, Jr.
      P.O. Box 321
      829 Smith Place
      Johnstown, PA 15907-0321

      Stephanie L. Haines
      Assistant U.S. Attorney
      319 Washington Street
      Room 224, Penn Traffic Building
      Johnstown, PA 15901

AO 72
(Rev. 8/82)